78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christ THEODOSOPOULOS, Defendant-Appellant.
 No. 95-3115.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1996.*
Decided Feb. 27, 1996.
 
 1
 Before FLAUM and EASTERBROOK, Circuit Judges, and PAINE, District Judge**.
 
 ORDER
 
 2
 A jury convicted Christ Theodosopoulos of conspiring to possess cocaine, with intent to distribute it. The district court then entered a judgment of acquittal, holding that the evidence is insufficient to support the verdict. We reversed in turn after concluding that a rational jury could have found Theodosopoulos guilty beyond a reasonable doubt. 48 F.3d 1438 (7th Cir.1995). On remand the district court sentenced Theodosopoulos to serve the minimum possible sentence: 60 months' imprisonment under 21 U.S.C. § 841(b)(1)(B). From this judgment Theodosopoulos now appeals.
 
 
 3
 One of his arguments challenges the verdict. He contends that the district court should have instructed the jury on withdrawal from a conspiracy. At the trial itself, however, after proposing a withdrawal instruction, counsel conceded that the record does not support such a theory of defense. There was no plain error--the applicable standard, given the lack of objection. Theodosopoulos never lifted a finger to withdraw. Either he was in the conspiracy from beginning to end (the prosecutor's position) or he was never in the conspiracy (Theodosopoulos's position); there is no other option, and hence no need for an instruction.
 
 
 4
 The five-year minimum sentence applies to quantities of cocaine exceeding 500 grams. Theodosopoulos contends that the district judge committed plain error in computing the quantity at three kilograms. His argument is a rehash of his contention on the sufficiency of the evidence, which we rejected on the prior appeal. If Theodosopoulos was in the conspiracy at all, the quantity for which he is accountable exceeds 500 grams. Whether it is three kilograms or some other number is irrelevant, given the district judge's willingness to select the minimum sentence, provided the quantity exceeded 500 grams--which it did. The minimum conceivable quantity consistent with Theodosopoulos being guilty is one kilogram. Theodosopoulos does not argue that it was plain error (again the applicable standard) to find that the conspiracy encompassed 500 grams or more.
 
 
 5
 AFFIRMED.
 
 
 
 *
 An earlier appeal was argued orally. This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b), and the judges have unanimously concluded that a second oral argument would not be helpful to the court
 
 
 **
 Of the Southern District of Florida, sitting by designation